**Marat NASYBULIN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72504.

Agency No. A73–428–382.

United States Court of Appeals, Ninth Circuit.

Argued Jan. 13, 2005.

Resubmitted July 1, 2005.

Decided July 1, 2005.

Eric Merrifield, Jed Silversmith, Perkins Coie, LLP, Seattle, WA, for Petitioner.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Terri J. Scadron, Hillel Smith, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, GOODWIN and GRABER, Circuit Judges.

## MEMORANDUM**

Marat Nasybulin, a citizen of Uzbekistan and ethnic Tatar, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for political asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Before leaving Uzbekistan in 1996, Nasybulin took part in various activities seeking rights for the Tatar minority there. The IJ held that Nasybulin did not establish either past persecution nor a well-founded fear of future persecution, and denied his applications. The BIA affirmed.

■ The Attorney General has discretion to grant an alien asylum if he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); 8 U.S.C. § 1158(a) and (b)(1). Nasybulin claims

that he was subjected to hostility due to his Tatar ethnicity on numerous occasions, but did not suffer any acts of physical violence and was never detained or arrested. His allegations do not compel the conclusion that he suffered past persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Acts of harassment or discrimination generally do not constitute persecution, unless there is evidence of "cumulative, specific instances of violence and harassment," such as the facts described in *Korablina v. INS,* 158 F.3d 1038, 1044–45 (9th Cir.1998). *See, e.g., Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003); *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Nasybulin's claims do not compel a finding of past persecution.

■ There is also substantial evidence to support the IJ's determination that Nasybulin's allegations fail to establish an objectively reasonable fear of future persecution. Nasybulin points to examples of state-sponsored repression suffered by other leaders of ethnic minority groups. Although the evidence indicates significant human rights abuses in Uzbekistan, the hostility described in the record is not direct and specific to Nasybulin. A reasonable fact-finder could thus conclude that Nasybulin's fear of future persecution is not objectively reasonable.

The BIA also did not err in denying Nasybulin's applications for withholding of removal and relief under CAT.

Petition **DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.